CASE NUMBER: 15-12266

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

GEICO GENERAL INSURANCE COMPANY,

Appellant,

-vs.-

MARY BOTTINI, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
GERARD BOTTINI,

Appellee.

---

Currently pending before the United States District Court
for the Middle District of Florida, Case Number: 8:13-CV-365-T-17EAP

---

**GEICO GENERAL INSURANCE COMPANY'S
MOTION TO CERTIFY ISSUES TO THE FLORIDA SUPREME COURT**

---

B. RICHARD YOUNG
COURTNEY F. SMITH
Young, Bill, Boles, Palmer & Duke, P.A.
Post Office Drawer 1070
Pensacola, FL 32591-1070
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
*Attorneys for GEICO GENERAL
INSURANCE COMPANY*

# GEICO'S UPDATED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, GEICO GENERAL INSURANCE COMPANY ("GEICO"), pursuant to Eleventh Circuit Rule 26.1-2(c), hereby lists the following corporations and interested parties:

Alexander, Megan E. – Counsel for Appellant GEICO in the bad faith action

Berkshire Hathaway, Inc., BRK-A, BRK-B – owner of GEICO

Bottini, Mary – Plaintiff in the Underlying Action and bad faith action / Appellee in the present appeal

Dickey, David D. – Counsel for Appellee Mary Bottini in the bad faith action

GEICO Advantage Insurance Company – Appellant's affiliate

GEICO Casualty Company – Appellant's affiliate

GEICO Choice Insurance Company – Appellant's affiliate

GEICO Corporation – Appellant's parent company

GEICO General Insurance Company – Defendant in the Underlying Action and the bad faith action / Appellant in the present appeal

GEICO Indemnity Company – Appellant's affiliate

GEICO Secure Insurance Company – Appellant's affiliate

Hall, Megan M. – Counsel for Appellant GEICO in the present proceeding

Kovachevich, Hon. Elizabeth A. – District Court Judge in the bad faith action

Law Offices of Paul McDuffee, P.A. – Counsel for Appellee Mary Bottini in the Underlying Action

McDuffee, II, Paul G. – Counsel for Appellee Mary Bottini in the Underlying Action

Miles, Stephanie – Counsel for Appellee Mary Bottini in the bad faith action

Rodante, Angela – Counsel for Appellee Mary Bottini in the bad faith action

Smith, Courtney F. – Counsel for Appellant GEICO in the present proceeding

Swope, Dale – Counsel for Appellee Mary Bottini in the bad faith action

Swope, Rodante, P.A. – Counsel for Plaintiff/Respondent Mary Bottini in the bad faith action

The Yerrid Law Firm – Counsel for Appellee Mary Bottini in the Underlying Action and bad faith action

Thompson, James B., Jr. – Counsel for Appellant GEICO in the Underlying Action

Thompson, Jordan M. – Counsel for Appellant GEICO in the bad faith action

Yerrid, C. Steven – Counsel for Appellee Mary Bottini in the Underlying Action and bad faith action

Young, B. Richard – Counsel for Appellant GEICO in the bad faith action

Young, Bill, Boles, Palmer & Duke, P.A. – Counsel for Appellant GEICO in the bad faith action and the present appeal / formerly Young, Bill, Roumbos & Boles, P.A.

# MOTION TO CERTIFY ISSUES
# TO THE FLORIDA SUPREME COURT

GEICO GENERAL INSURANCE COMPANY ("GEICO"), by and through undersigned counsel and pursuant to Article V, section 3(b)(6) of the Florida Constitution and Florida Rule of Appellate Procedure 9.150, hereby respectfully requests that this Court certify the determinative issues set forth herein to the Florida Supreme Court. In support of its request, GEICO states as follows:

## STANDARD FOR CERTIFICATION

The Florida Constitution authorizes this Court to certify a question about state law to the Florida Supreme Court if it is "determinative of the cause and for which there is no controlling precedent of the Supreme Court of Florida." Art. V, §3(b)(6), Fla. Const. To elaborate, this Court has the ability to defer rendering a decision in a given case, and to certify questions to the Supreme Court of Florida, if it has concerns that the case might turn "on important questions of state law for which there is no controlling precedent." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 383 F.3d 1273, 1273 (11th Cir. 2004). "Substantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." *F.T.C. v. Olmstead*, 528 F.3d 1310 (11th Cir. 2008) (quoting *Jones v. Dillurd's, Inc.*, 331 F.3d 1259, 1968 (11th Cir. 2003)). Correspondingly, Florida Rule of Appellate Procedure 9.150(a) states that this Court "may certify a question of law to the Supreme Court of Florida if

1

the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida." Fla. R. App. P. 9.150(a); *see also Tobin v. Mich. Mut. Ins. Co.*, 398 F.3d 1267, 1274 (11th Cir. 2005) ("Where there is doubt in the interpretation of state law, a federal court may certify the question to the state supreme court to avoid making unnecessary *Erie* guesses and to offer the state court the opportunity to interpret or change existing law.").

## **GROUNDS FOR THE MOTION AND RELIEF SOUGHT**

In the underlying claim for Uninsured/Underinsured Motorist ("UM") benefits, the jury awarded $30,872,266 to BOTTINI and against GEICO. Pursuant to the applicable policy limits, the trial court limited the judgment amount against GEICO to the $50,000 policy limits. Following the denial of GEICO's motion for new trial, GEICO appealed, raising issues concerning the amount of damages awarded to BOTTINI. Ultimately, Florida's Second District Court of Appeal reasoned that any errors affecting the jury's computation of damages were harmless given the amount of the judgment[1], and affirmed the trial court. *See Geico Gen. Ins. Co. v. Bottini*, 93 So. 3d 476 (Fla. 2d DCA 2012). In his concurring opinion, Judge Altenbernd clarified that, in the view of the panel, the Court lacked jurisdiction to review alleged errors in damages comprising the

---

[1] Because the judgment amount was reduced to the policy limits of $50,000, and all parties agreed that under any set of circumstances the jury would have awarded at least that much, the Court declared any errors to be harmless.

2

verdict where such damages are not made a part of the judgment and do not affect the judgment. *Id*. at 477.

Within the last week, the Florida Supreme Court issued an opinion holding that the "determination of damages obtained in the UM action becomes a binding element of damages in the subsequent bad faith litigation against the same insurer and that the parties have the opportunity to appeal timely-raised errors in the UM verdict." *Fridman v. Safeco Ins. Co. of Illinois*, No. SC13-1607, --- So.3d ----, 2016 WL 743258 (Fla. Feb. 25, 2016). In reaching the foregoing holding, the Florida Supreme Court expressly disavowed the suggestion proffered by the Second District Court of Appeal in *Bottini*, stating:

> We therefore respectfully disagree with the view that a district court lacks jurisdiction to review an excess verdict, if the amount of damages was not included within the final judgment
> ***
> We also disagree with the view taken by the Second District Court of Appeal in *Bottini*…We reject the suggestion that errors in the computation of the UM verdict are necessarily harmless where the damages reflected in the UM verdict are significant relative to the UM policy limits because the damages will eventually become part of the subsequent bad faith case.

*Id*. at *12-13. Going a step further, the Florida Supreme Court noted the irony that, contrary to the Second District's expectations, the damages in excess of the policy limits did not become a part of the bad faith litigation, and the so-called "harmless" errors were indeed harmful:

3

> In fact, that is precisely what occurred in the bad faith litigation following *Bottini*. When the *Bottini* litigants proceeded with the bad faith case, Judge Kovachevich came to the conclusion that the amount of damages is necessarily determined in the underlying UM action and also determined that the insurer failed to pursue further relief to review the Second District's decision.

In sum, therefore, GEICO has been denied procedural due process in this matter as a result of the contradictory holdings of the Second District and the trial court below.

In light of the High Court's dictum in *Fridman* – expressly rejecting the Second District Court of Appeal's decision in the underlying UM action – GEICO respectively requests the following questions be certified to the Supreme Court of Florida:

1. WHETHER FLORIDA'S SECOND DISTRICT COURT OF APPEAL FAILED TO REVIEW FOR ERROR THE AMOUNT OF THE VERDICT IN EXCESS OF THE INSURANCE POLICY LIMITS; AND

2. WHETHER GEICO IS ENTITLED TO A NEW TRIAL ON DAMAGES OR A RETURN OF THIS ACTION TO FLORIDA'S SECOND DISTRICT COURT OF APPEAL TO CONDUCT AN APPELLATE REVIEW OF THE AMOUNT OF THE VERDICT IN EXCESS OF THE INSURANCE POLICY LIMITS?

The answers to these questions are determinative of the instant appeal and there are no controlling precedents of the Supreme Court of Florida. *See* Fla. R. App. P. 9.150(a); Art. V, §3(h)(6), Fla. Const. As such, certification of this issue to

the Florida Supreme Court, pursuant to Florida Rule of Appellate Procedure 9.150, and Article V, section 3(b)(6) of the Florida Constitution, is appropriate.

In proposing the foregoing questions, GEICO does not intend to restrict the issues considered by the Supreme Court of Florida. *See Miller v. Scotts Tel. Co.*, 410 F.3d 678, 682 (11th Cir. 2005) ("[O]ur phrasing of the certified question is really suggestive and does not in anyway restrict the scope of the inquiry by the Supreme Court of Florida."). The Supreme Court of Florida retains the discretion to restate the issue and to answer the question in the manner it chooses. *See Stevens v. Battelle Memorial Inst.*, 488 F.3d 896, 904 (11th Cir. 2007).

For the foregoing reasons, GEICO respectfully requests that this Court certify the questions set forth above, or certify the issues to the Supreme Court of Florida in a manner that this Court deems appropriate.

    Respectfully submitted,

    **s/B. RICHARD YOUNG**
    **B. RICHARD YOUNG**
    Florida Bar No.: 442682
    ryoung@flalawyer.net
    **COURTNEY F. SMITH**
    Florida Bar No.: 67388
    csmith@flalawyer.net
    Young, Bill, Boles, Palmer & Duke, P.A.
    P.O. Drawer 1070
    Pensacola, FL 32591-1070
    (850) 432-2222  / 432-1444 - facsimile
    *Attorneys for GEICO GENERAL INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2016 the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                       **s/B. RICHARD YOUNG**
                                       **B. RICHARD YOUNG**
                                       Florida Bar No.: 442682
                                       ryoung@flalawyer.net
                                       **COURTNEY F. SMITH**
                                       Florida Bar No.: 67388
                                       csmith@flalawyer.net

## **SERVICE LIST**
*Bottini v. GEICO*
**Eleventh Circuit Court of Appeals**
**District Court Case No. 8:13-CV-365-T-17EAP**

**George A. Vaka**
gvaka@vakalaw.com
Vaka Law Group
One Harbour Place
777 South Harbour Island Blvd, Suite 300
Tampa, Florida 33602
(813) 549-1799 (telephone)
(813) 549-1790 (facsimile)
Attorneys for Appellee
*Via electronic mail and/or CM/ECF*

**C. Steven Yerrid**
Syerrid@yerridlaw.com
**David D. Dickey**
DDickey@yerridlaw.com
The Yerrid Law Firm
Bank of America Plaza, Ste. 3910
101 East Kennedy Boulevard
Tampa, FL 33602
(813) 222-8222 (telephone)
(813) 222-8224 (facsimile)
Attorneys for Appellee
*Via electronic mail and/or CM/ECF*

**Angela Rodante**
angelar@swopelaw.com
**Stephanie Miles**
stephaniem@swopelaw.com
**Dale Swope**
dales@swopelaw.com
Swope, Rodante P.A.
1234 East Fifth Avenue
Tampa, Florida 33605
(813) 273-0017 (telephone)
(813) 223-3678 (facsimile)
Attorneys for Appellee
*Via electronic mail and/or CM/ECF*

7